BERMAN v. NORTH BRITISH & MERCANTILE INS. CO. OF LONDON & EDINBURGH.

(Supreme Court, Appellate Term.  December 22, 1911.)

INSURANCE (§ 145*)—FIRE INSURANCE—RENEWAL OF POLICY.
   Where insured did not request the broker who had obtained the policy to procure a renewal at the expiration of the original policy, but insurer at the expiration of the original policy issued a new policy and delivered it to the broker, who retained it, the renewal policy was not issued, and insurer was not liable for a loss occurring after termination of the original policy.
   [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 145.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Philip Berman against the North British & Mercantile Insurance Company of London & Edinburgh. From a judgment of the Municipal Court of the City of New York for defendant, entered after a trial by the court without a jury, plaintiff appeals. Affirmed.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Goldstein & Goldstein, for appellant.

Leo Levy (C. Arthur Levy, of counsel), for respondent.

GIEGERICH, J. The fire insurance policy upon which this suit was brought was in the hands of a broker at the time of the fire which damaged the property claimed to have been insured. The question is whether the policy had been issued and was an existent contract. The plaintiff had never requested the broker or the defendant company to issue the policy in question, which was a renewal of a former policy which had been issued to the plaintiff upon his request.

At the time the original policy expired a renewal policy was written by the defendant and sent to the broker, who had obtained the original policy. This broker had not been requested by the plaintiff, or on the plaintiff's behalf, to procure such a renewal, and had not sent the policy to the plaintiff, or informed the plaintiff that he had it. While the policy was thus in the possession of the broker, the fire in ques-

tion occurred, and the broker subsequently returned the policy to the defendant. If any application, direct or indirect, express or implied, had been made by the plaintiff for the policy, then the fact that it had been written by the company and delivered to the broker would be an acceptance of the application and constitute a contract; but the circumstances proven in this case show only an offer on the part of the defendant company, which was not accepted by the plaintiff prior to the fire, and which, of course, could not be deemed still open for acceptance after the fire occurred.

The judgment should be affirmed, with costs. All concur.

